UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID TROUPE,

               Plaintiff,

   v.

GLENDA J LOOMIS,

               Defendant.

CASE NO. 3:15-CV-05033-BHS-JRC

ORDER

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

Before the Court are three motions – plaintiff's motion to compel, for clarification, and for contempt of David McKinney (Dkt. 15, "first motion to compel, for clarification and for contempt"), plaintiff's motion for contempt "re: discovery" (Dkt. 19, "second motion for contempt") and plaintiff's motion for extension of scheduling order (Dkt. 26). Also pending are plaintiff's motion for the clerk to serve subpoenas (Dkt. 27) and his motion for reconsideration (Dkt. 29), which will be addressed in a separate order. Plaintiff has experienced difficulty getting

his discovery documents mailed and processed under the Prisoner E-filing Pilot Project ("E-Filing Pilot Project"). *See* Dkts. 15, 19. Defendant opposes all three motions. *See* Dkts. 17, 24, 30. Plaintiff filed replies with respect to defendant's opposition to his first motion to compel, for clarification and for contempt (Dkt. 20) and defendant's response to his second motion for contempt (Dkt. 28). The Court finds that plaintiff's first motion to compel, for clarification and for contempt (Dkt. 15) is granted in part and denied in part. Plaintiff's motion for contempt "re: discovery" (Dkt. 19) is denied. Plaintiff's motion for extension of scheduling order (Dkt. 26) is granted in part.

## BACKGROUND

Plaintiff has filed this civil rights complaint against former Department of Corrections employee Glenda J. Loomis. Dkt. 1. Plaintiff is incarcerated at Washington State Penitentiary ("WSP") and is therefore, required to participate in the E-Filing Pilot Project per General Order No. 02-15 effective June 1, 2015 ("General Order No. 02-15"). On June 11, 2015, plaintiff filed a motion to compel and hold in contempt, non-party prisoner counselor David McKinney, for failure to file plaintiff's discovery documents. Dkt. 15. Plaintiff's motion also requested clarification of the following:

(A) The person making the scans, do they return the papers, or can they leave it with whoevers [sic] convenient?
(B) Whenever the court e-mails an inmate, is it legal mail and should the law librarian serve/hand it to the inmate or is it okay to just treat it like regular junk mail?
(C) Subpoenas [and] ex parte: US Mail or electronic?

*Id.* at 3.

On June 19, 2015, plaintiff filed a second motion for contempt against Mr. McKinney and non-party Shari Hall. Dkt. 19. While plaintiff provides more detail in the second motion (Dkt. 19), his allegations are substantially similar in both pleadings. Dkts. 15, 19.

Plaintiff alleges that on June 9, 2015, Mr. McKinney took plaintiff's documents titled "Appeal of Discovery Denial" to be mailed. Dkt. 15; *See also* Dkt. 18; Dkt. entry dated June 11, 2015. He alleges that Mr. McKinney returned plaintiff's documents and told plaintiff that he "couldn't do it (based on the Electronic Filing Pilot Project)." Dkt. 15 at 1. Plaintiff told Mr. McKinney that these documents were discovery and that Mr. McKinney "still refused to make copies or mail it." Dkt. 15 at 2.

Plaintiff alleges that Ms. Hall instructed Mr. McKinney to scan and email the discovery documents to the Court. Dkt. 19 at 1. He also alleges that Ms. Hall did not return his documents directly to him, but instead had prison custody staff return the documents to plaintiff. Dkt. 15 at 2. Plaintiff alleges that the WSP law librarian was sending plaintiff's legal documents via regular mail with no envelope or proof of "who got it, how long they had it, etc." *Id.*

On June 11, 2015, the Clerk of Court entered a Notice to plaintiff that pursuant to the General Order, correspondence and requests for discovery between a prisoner litigant and defendant or respondent shall not be electronically submitted but should be exchanged by mail. *See* Dkt. entry dated June 11, 2015. On June 16, 2015, plaintiff alleges that Mr. McKinney again refused to make copies or allow mailing of plaintiff's documents, stating that"[the documents] must be scanned." Dkt. 19 at 2. Plaintiff alleges that Mr. McKinney returned five hours later and refused to make copies or allow mailing. *Id.* On June 17, 2015, plaintiff alleges that he again explained to Mr. McKinney that the documents must be mailed but that Mr. McKinney responded that he was following instructions from Superintendent Holbrook. *Id.* On June 19, 2015, the Clerk of Court entered plaintiff's discovery documents (Dkt. 18) and noted "this document was filed for purposes of service upon defendant." *See id.*

DISCUSSION

1. Motion for Clarification - Dkt. 15

Plaintiff's first motion (Dkt. 15) requests that the Court clarify how documents are returned to prisoners, how a prisoner receives documents that were electronically filed and how subpoenas are handled. *See* Dkt. 15 at. 2-3. Plaintiff is incarcerated at the WSP and that facility is participating in the Court's mandatory prisoner e-filing program. *See* General Order No. 02-15 at 2; U.S. District Court Filing Requirements, Department of Corrections Notice to Inmates. Therefore, plaintiff must submit all of his court filings (correspondence with the court, pleadings, motions, and briefs) electronically. *Id*. However, other correspondence and requests for discovery shall not be electronically submitted but will continue to be exchanged by mail. *Id*.

The Court grants plaintiff's request for clarification. Plaintiff is referred to the Department of Corrections' Notice to Inmates:

**U.S. DISTRICT COURT FILING REQUIREMENTS**

The United States District Court for the districts of Eastern and Western Washington and the Washington State Department of Corrections have established a pilot program for the electronic filing of documents from inmates at this facility. Under General Orders 02-15 (Western) and 15-35-1 (Eastern) you are required to participate in the Prisoner Electronic Filing Program if you wish to submit documents to either of these courts. The program provides for documents you file with the U. S. District Court to be transmitted electronically, and for the facility to receive documents filed in your case electronically on your behalf. In order to avoid delays in the processing of your documents, please follow the below guidelines.

**MANDATORY REQUIREMENTS:**
- 8 ½ x 11 inch paper
- Single Sided only (write only on one side of each page)
- 1" Margin (each margin of the page must be at least one inch)
- Once issued, the case number on the first page of each document
- Court name must appear on the first page of each document
- Each page of a document must be sequentially numbered beginning with #1
- Dark Ink - must be legible

- Multiple documents will be scanned as separate documents.
- The Certificate of Service should indicate the date in which you gave your documents to the librarian for scanning,

**DO NOT:**
- Include case law or prison policies/OMs
- Include documents NOT intended for filing in your U.S. District Court case

**Once the document has been filed by the Clerk's Office:**
- A Notice of Electronic Filing (NEF) will be sent to the designated staff. This is usually completed within one to two business days.
- You will receive a copy of the NEF from the law librarian or designated staff. The NEF will display the date the document was filed and the number of pages included.
- You are expected to keep your original document and produce this for the court if ordered to do so during the time your case is pending.
- Following service of the complaint/petition, documents you file will be served on defendants/respondents through the court's electronic filing system, providing these parties are registered users with the court. You will no longer need to send a copy of your filing to these parties. For non-registered parties, you will still need to mail a copy to effect proper service. Parties who are not registered will be noted on the NEF, along with their mailing address. You must show this document when requesting copies for mailing.
- Documents issued by the court or filed by defendants will be received by the designated staff electronically and a copy provided to you.
- The complaint/petition will continue to be served by traditional methods, as directed by the court.

*Id.*

2. First Motion to Compel and for Contempt (Dkt. 15) and Second Motion for Contempt (Dkt. 19)

Plaintiff's first motion to compel and for contempt (Dkt. 15) alleges that Mr. McKinney should be compelled to file plaintiff's discovery documents and that Mr. McKinney should be held in contempt. *See id.* Plaintiff's second motion for contempt (Dkt. 19) alleges that Mr. McKinney and Ms. Hall should be held in contempt for failure to make copies and mail his discovery documents. *See id.* Plaintiff also seeks $500.00 in damages against Mr. McKinney and Ms. Hall. *Id.* at 5. Defendant filed responses objecting to both motions (Dks. 17, 24). Plaintiff's

motions (Dkt. 15 and 19) are denied because the Court lacks jurisdiction over non-parties, Mr. McKinney and Ms. Hall, and neither party to this action has suffered any prejudice.

It is well established that federal courts do not have jurisdiction over non-parties. *Vanderbilt v. Vanderbilt*, 354 U.S. 416, 418 (1957). This legal principle applies equally to contempt motions. *See Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1323 (9th Cir. 1998). However, non-parties may be found in contempt if they have notice of the court order and either aid or abet the defendant in violating the court's order or are legally identified with the defendant. *Id.* (quoting *NLRB v. Sequoia District Council of Carpenters,* 568 F.2d 628, 633 (9th Cir. 1977)). While Mr. McKinney and Ms. Hall failed to mail plaintiff's discovery documents in violation of the Court's General Order, there are no facts to suggest that Mr. McKinney or Ms. Hall aided or abetted defendant or legally identified with defendant, or even that defendant was involved in any way. *See NLRB,* 568 F.2d at 633. Furthermore, even if Mr. McKinney and Ms. Hall were parties to this lawsuit, plaintiff named his document "Appeal of Discovery Denial" and notes on the face that "this is my appeal to defendant and counsel re the denial of the above. Next is a motion to compel." Dkt. 18. While adherence to General Order No. 02-15 is mandatory and General Order No. 02-15 does reiterate that discovery shall not be scanned and faxed to the court, plaintiff's documents were not clearly recognizable as purely discovery. The Court also notes that the e-filing project is a pilot program and participants may experience occasional issues as the program progresses.

In addition, there was no prejudice to any of the parties. Plaintiff's discovery documents were filed and served on defendants after plaintiff's second attempt to electronically file his discovery documents. *See* Dkt. 18.

Therefore, as Mr. McKinney and Ms. Hall are not parties to this lawsuit and neither plaintiff nor defendant has suffered any prejudice, the Court denies plaintiff's motions to compel and for contempt.

3. Extension of Discovery Deadline - Dkt. 26

A scheduling order may only be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4). The Court has broad discretionary powers to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

On March 17, 2015, the Court entered a pretrial scheduling order with a discovery cutoff date of August 28, 2015. Dkt. 10. Defendant stated in her reply to plaintiff's second motion for contempt that she does not oppose a 30-day extension of the discovery cutoff date. Dkt. 24 at 2. Plaintiff then filed a motion for extension of scheduling order on July 9, 2015 seeking a 180-day extension. Dkt. 26. Defendant did not oppose a 60-day extension but objected to a 180-day extension as excessive. Dkt. 30.

Plaintiff alleges that he suffers from mental and physical disabilities, including a hand problem that makes writing painful, and he does not have "much" access to legal materials. Dkt. 26. As plaintiff suffers from mental and physical disabilities and has recently experienced difficulties in getting his discovery documents mailed and processed, the Court finds there is good cause for modifying the pretrial scheduling order. While this may be grounds for an extension, plaintiff does not show that a 180-day extension is warranted. The Court denies plaintiff's motion for a 180-day extension, but the Court will grant a 90-day extension of the discovery deadline.

Accordingly, it is ORDERED:

(1) Plaintiff's motion for clarification is granted (Dkt. 15).

(2) Plaintiff's first motion to compel and for contempt (Dkt. 15) is denied.

(3) Plaintiff's second motion for contempt (Dkt. 19) is denied.

(4) Plaintiff's motion for extension of scheduling order (Dkt. 26) is granted in part. The discovery deadline is extended for 90 days until November 30, 2015. The dispositive motion deadline is extended until December 30, 2015.

Dated this 27th day of July, 2015.

J. Richard Creatura
United States Magistrate Judge