UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID TROUPE,

                Plaintiff,

    v.

GLENDA J LOOMIS,

                Defendant.

CASE NO. 3:15-CV-05033-BHS-JRC

ORDER DENYING REQUESTS FOR SERVICE OF SUBPOENAS

        The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

        Before the Court are plaintiff's four (4) requests for the Clerk of Court serve subpoenas. Dkts. 21, 27, 29, 32. Plaintiff has not shown that he is unable to obtain the requested documents directly from defendant or that he is able to pay the costs associated with production of these documents; therefore, the Court denies plaintiff's requests.

        Plaintiff is proceeding *pro se* and *in forma pauperis.* Dkt. 4. Plaintiff's complaint alleges that defendant Loomis violated his First and Eighth Amendment rights when she retaliated

against him for filing a Prison Rape Elimination Act ("PREA") complaint against her. Dkt. 5. Plaintiff's initial subpoena request (Dkt. 13) was directed to non-party Skokomish Tribe and requested all "investigation, photos, witness statements, personnel file on Glenad [sic] Jean Loomis RN 2007-2009 DISMISSED. There's a federal law suit on Ms. Loomis so any paper or electronic records on her performance or lack of must be sent in paper form only to: [plaintiff]." Dkt. 13-1. The Court denied plaintiff's request because plaintiff's subpoena was not on the proper form and the subpoena had not been issued by the Clerk. Dkt. 25 at 1 (*citing* Fed. R. Civ. P. 45(a)(1)(A)). Thus, plaintiff did not give any party notice of his intent to have his subpoena served pursuant to Federal Rule of Civil Procedure 45. *Id.* at 1-2. Further, the Court reminded plaintiff that he is responsible for the expense to non-parties associated with the subpoenas. *Id.* at 2 (*citing* Fed. R. Civ. P. 45).

DISCUSSION

As an initial matter, the Court cautions plaintiff that a "request for subpoena" is not a pleading and will usually not be considered by the Court. Plaintiff's requests should be filed as motions. Nevertheless, due to the number of requests filed in this case, and in order to provide plaintiff with clarification of the procedural rules surrounding service of subpoenas, the Court addresses all four (4) requests at this time.

The Court reiterates that while a plaintiff proceeding *in forma pauperis* may be entitled to obtain service of a subpoena pursuant to 28 U.S.C. § 1915(d), he still remains responsible, despite his *in forma pauperis* status, to pay all fees and costs associated with the subpoenas. *See Tedder v. Odel,* 890 F.2d 210, 211-12 (9th Cir. 1989). For example, if the Skokomish Tribe charges a service and/or copying fee for providing the records requested, it would be a wasteful and frivolous expenditure of time and resources of the Court and the Marshal's Service to issue

and serve such a subpoena if plaintiff has not made provision for his share of those costs beforehand. Because Rule 45(b) requires personal service of a subpoena, directing the United States Marshal's Office to expend its resources serving a subpoena is not regularly granted by this Court. Even when the U.S. Marshal is directed to serve a subpoena, a plaintiff remains responsible for any associated costs, in accordance with Federal Rule of Civil Procedure 45. Plaintiff is also advised that any non-party, over the age of 18, may serve a subpoena and plaintiff is not limited to requesting that the Court order service. Fed. R. Civ. P. 45(b).

Furthermore, all civil litigants are entitled to discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). A discovery request need not call for evidence that would be admissible at trial, so long as the request "appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. The court can limit discovery for numerous reasons, including that the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

These general discovery limitations apply with equal force to subpoenas to third parties. *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679–80 (N.D. Cal. 2006). A court can quash or modify a subpoena that does not seek information that falls within the broad scope of permissible discovery. *Id*. at 680. A party issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense" on the subpoena's target and the court from which the subpoena issues must enforce this restriction. *See* Fed .R. Civ. P. 45 (d)(1). The court must balance relevance, the requesting party's need for the information, and the hardship to the subpoena's target. *Google*, 234 F.R.D. at 680.

A motion for issuance of a subpoena should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party. *See, e.g., Davis v. Ramen,* 2010 WL 1948560, *1 (E.D. Cal. 2010). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." *Badman v. Stark,* 139 F.R.D. 601, 605 (M.D.Pa. 1991); *see also, United States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364 (9th Cir. 1982) (court may award costs of compliance with subpoena to non-party). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. *Badman,* 139 F.R.D. at 605.

1. Second Request (Dkt. 21) and Fourth Request (Dkt. 29)

Plaintiff's second subpoena request was filed on June 19, 2015 and seeks to compel the non-party Washington State Penitentiary to produce video recordings of non-party David McKinney's visits to plaintiff's cell. Dkt. 21-1. Plaintiff alleges that these videos show the contempt of court incidents "while giving the court a real understanding of how Plaintiff is and DOC staff in re to his legal access." *Id.* Plaintiff's fourth subpoena request was filed on July 9, 2015 and was docketed as a "Motion for Reconsideration/Subpoena Request," the Court considers this a renewal of plaintiff's second subpoena request (Dkt. 21) because the requests are identical. Dkt. 29. However, these two requests have become moot as a result of the order denying plaintiff's motion for contempt. Dkt. 25. Furthermore, even if plaintiff's requests were not moot, he does not allege that these documents are relevant to discovery of his cause of action against defendant Loomis in violation of his First and Eighth Amendment rights or that he could pay the costs associated with production. Accordingly, plaintiff's second (Dkt. 21) and fourth (Dkt. 29) requests for the Court to order service of his subpoenas are denied as moot.

2. Third Request (Dkt. 27)

Plaintiff's third request was filed on July 9, 2015 and includes four subpoenas. Dkt. 27. The first subpoena appears to be a renewal of his first request (Dkt. 13) and directs non-party Skokomish Tribe to compel "all unredacted records on Glenda J. Loomis' [d]ismissal and any complaints against her, including any photos." Dkt. 27-1. The second subpoena directs non-party South Sound 911 to produce "all unredacted photos and evidence list, police reports on: Glenda Loomis and Wendy Lynn Davis from Pierce County." *Id.* The third subpoena is directed to non-party Department of Corrections ("DOC"). *Id.* It is not clear if plaintiff seeks documents related to defendant's PREA investigations or PREA investigations of her co-workers – "[plaintiff requests:] unredacted PREA investigations on Glenda Loomis' coworkers in where Ms. Loomis was a party, only the following DOC staff's PREA investigations c/o Cone (currently at WCC), MHP Katrina Suckow, c/o Jennifer Barnes, Amber Edgar-Fields, c/o T. Jerome." *Id.* The fourth subpoena is also directed to the DOC and requests all unredacted emails by "CUS" William Swain from October 1, 2014 to December 10, 2014 regarding David Troupe and Glenda Loomis. *Id.* Plaintiff alleges that "each subpoena is for records that show Ms. Loomis was already abusing her authority, she's implicated in numerous complaints, PREAs and was fired from a previous job. All these show that Plaintiff was a victim and DOC knew about it and Loomis." Dkt. 27. Furthermore, plaintiff acknowledges he is indigent and cannot properly serve the subpoenas. *Id.*

Plaintiff has not shown that the records requested in his first, second and third subpoenas are relevant to whether the one named defendant in this case violated his First and Eighth Amendment rights by retaliating against him. Plaintiff's request for DOC emails, liberally construed, may be relevant or could lead to the discovery of admissible evidence. *See* Fed. R.

Civ. P. 26(b)(1). However, even if all of plaintiff's requests were deemed relevant, he has not shown that he has not or cannot receive the information he seeks by way of discovery propounded directly to defendant. *See Davis,* 2010 WL 1948560 at *1. Nor has plaintiff demonstrated that he is able to afford the expense to these non-parties in providing the requested information. *See* Fed. R. Civ. P. 26, 45. Accordingly, plaintiff's third request (Dkt. 27) for the Court to serve his subpoenas is denied.

3. Fifth Request (Dkt. 32)

Plaintiff's fifth and final subpoena request was filed on July 30, 2015 and is directed to the DOC Records Department. Dkt. 32. This request is similar to a prior request (Dkt. 27) and seeks production of "unredacted copies of complete PREA investigations with all attachments, exhibits, evidence: SCCC c/o Cone (now at WCC)[,] WCC Sgt Sawn Johnson, CBCC Tracy Cornish, CBCC T. Jerome, WSP Katrina Suckow, WCC c/o Jenifer Barnes, WSP Amber Edgar-Fields, CBCC Sgt. Katherine Banner, WSP Susan Hussey, WCC & CBCC Rochele Warner. [] Anyone who's been under more than one PREA complaint add it to all others for this subpoena." Dkt. 32-1. Plaintiff alleges that this suit is "mainly on PREA incidents in DOC" and "to know if the PREA investigation was a cover up I need to see other investigations at different facilities to understand how PREAs are done." Dkt. 32.

It is unclear how the requested PREA records from other correctional facilities will establish his claim against defendant. Plaintiff's complaint does not allege that the PREA investigation was a "cover up" but instead, his allegations focus on his claim that after he filed his PREA complaint, defendant Loomis retaliated against him by destroying his medical records. *See* Dkt. 5. In addition to the limitation of relevance, plaintiff has not demonstrated that he is unable to obtain this information directly from defendant. Furthermore, plaintiff does not

demonstrate that he can afford the expense to the non-party in providing the requested information. *See Davis,* 2010 WL 1948560 at *1; Fed. R. Civ. P. 26, 45. Consequently, plaintiff's fifth request (Dkt. 32) for the Court to serve his subpoena is denied.

Based on the foregoing, plaintiff's second (Dkt. 21) and fourth (Dkt. 29) requests that the Court order service of his subpoenas are denied as moot. Plaintiff's third and fifth requests that the Court order service of his subpoenas (Dkts. 27, 32) are denied.

DATED this 7th day of August, 2015.

J. Richard Creatura
United States Magistrate Judge

ORDER DENYING REQUESTS FOR
SERVICE OF SUBPOENAS - 7