1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10  DAVID TROUPE,

11                         Plaintiff,

12           v.

13  GLENDA J LOOMIS,

14                         Defendant.

CASE NO. 3:15-CV-05033-BHS-JRC

ORDER ON SEVERAL MOTIONS

15      The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States

16  Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local

17  Magistrate Judge Rules MJR1, MJR3 and MJR4.

18      Before the Court are seven motions filed by plaintiff: (1) motion to substitute defendant

19  Loomis with Edward Woods (Dkt. 43); (2) motion for subpoena approval (Dkt. 44); (3) motion

20  for subpoena approval (Dkt. 45); (4) motion to compel Steven Fellnor (Dkt. 48); (5) motion to

21  compel WSP (Dkt. 49); (6) motion for leave to file an amended complaint (Dkt. 50); and (7)

22  motion for clarification (Dkt. 51). Defendant Loomis has filed five responses. Dkts. 47, 52, 55,

23  56, 57.

24

BACKGROUND

Plaintiff is proceeding *pro se* and *in forma pauperis*. Dkt. 4. Plaintiff's complaint alleges that defendant Loomis violated his First and Eighth Amendment rights when she retaliated against him for filing a Prison Rape Elimination Act ("PREA") complaint against her. Dkt. 5.

On October 7, 2015, counsel for defendant Loomis filed a "Statement Noting Death of Defendant," stating that defendant Glenda Loomis died on September 18, 2015. Dkt. 38. Counsel made no mention of defendant's successor or representative. *Id.*

DISCUSSION

1. Motion to Substitute Defendant Loomis with Edward Woods (Dkt. 43)

On October, 23, 2015, plaintiff filed a motion to substitute defendant Loomis with Edward Woods. Dkt. 43. Plaintiff states that Mr. Woods was defendant Loomis' supervisor and that Mr. Woods is responsible for all staff and inmates at the Washington Corrections Center. *Id.* Plaintiff also states that Mr. Woods was aware of the sexual relationship between defendant Loomis and plaintiff. *Id.*

Under § 1983, plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Ashcroft v. Iqbal,* 556 U.S. 662, 676–77 (2009); *Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton,* 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002). Each defendant is only liable for his or her own misconduct. *Ashcroft v. Iqbal,* 556 U.S. at 676–77; *Ewing v. City of Stockton,* 588 F.3d at 1235. In this case, Mr. Woods cannot serve in a representative capacity as a substitute for the now deceased defendant Loomis, because Mr. Woods is not the representative of the Loomis estate. Nor would he be liable simply because he

1 | was her supervisor. A defendant cannot be held liable under § 1983 solely on the basis of

2 | supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436

3 | U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983

4 | claim. *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982).

5 | Therefore, to the extent that plaintiff is alleging that Mr. Woods is representing the

6 | Loomis estate or is liable as her supervisor, plaintiff has failed to state a cause of action.

7 | Plaintiff's claims against defendant Loomis are not abated upon her death. *See Carlson v.*

8 | *Green,* 446 U.S. 14, 24 (1980) (a cause of action for an Eighth Amendment violation survives

9 | the death of a party); *In re Estate of Ferdinand Marcos, Human Rights Litigation,* 25 F.3d 1467,

10 | 1476 (9th Cir. 1994). In other words, plaintiff's claims survive the death of defendant Loomis

11 | and defendant Loomis' nonparty successors or representatives could be given notice and be

12 | substituted as a party in this § 1983 claim. *See id.* Thus, plaintiff's motion for substitution of Mr.

13 | Woods as defendant Loomis' representative is denied without prejudice to plaintiff seeking to

14 | substitute defendant Loomis with her nonparty successors or representatives.

15 | 2. <u>Motion for Leave to File an Amended Complaint (Dkt. 50)</u>

16 | Plaintiff seeks to amend his complaint to add Mr. Woods as a defendant. Dkts. 50; 50-1.

17 | Plaintiff alleges that Mr. Woods was aware of the sexual relationship between defendant Loomis

18 | and plaintiff and was "responsible" for defendant Loomis. *Id.*

19 | The Court should freely give leave to amend a complaint when justice so requires. Fed.

20 | R. Civ. P. 15(a)(2). However, the decision to grant a motion to amend is within the discretion of

21 | the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Ninth Circuit has held that a

22 | district court may take into consideration such factors as "bad faith, undue delay, prejudice to the

23 | opposing party, futility of the amendment, and whether the party has previously amended his

24 |

1  pleadings." *See In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004), *quoting Bonin v. Calderon*, 59

2  F.3d 815, 845 (9th Cir. 1995). While Fed. R. Civ. P. 15(a)(2) states that leave to amend should

3  be freely given, the court must consider prejudice to the opposing party. *DCD Programs, Ltd.*

4  *v.Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

5        The Court ordered service of the original complaint in January 2015. Dkt. 6. Defendant

6  filed an answer and the Court entered a scheduling order setting a discovery cutoff date of

7  August 28, 2015. Dkt. 10. The Court then granted plaintiff's motion for an extension of the

8  discovery deadline, extending the deadline for 90 days until November 30, 2015. Dkts. 26, 31.

9  The Court gave the parties over 8 months to conduct discovery. Shortly before the discovery

10  cutoff, plaintiff filed his motion to amend the complaint. Dkt. 50.

11        Plaintiff has not provided the Court with any explanation for the 10-month delay in

12  seeking to add claims against Mr. Woods to his complaint. Plaintiff filed this case in January

13  2015 and the claims he seeks to add appear to have been well known to plaintiff at the time he

14  filed his original complaint. A court is within its discretion to deny amending a complaint if the

15  motion shows bad faith by the moving party or prejudice to the opposing party. *See United*

16  *States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981); *Howey v. United States*, 481 F.2d 1187, 1190-

17  91 (9th Cir. 1973). Plaintiff has waited until shortly before the discovery deadline to bring this

18  motion. Granting the motion would entail re-opening discovery and substantial delay in

19  consideration of this action. Plaintiff has not shown cause for his delay in filing his motion.

20  Thus, the Court denies plaintiff's motion for leave to file an amended complaint because it would

21  cause prejudice to the opposing parties due to the late notice. Plaintiff, however, if appropriate,

22  may proceed on his claims against Mr. Woods in a separate action.

23  //

24

1    3.   Motions to Compel (Dkts. 48, 49) and Motions for Subpoena Approval (Dkts. 44, 45)

2        This action will not proceed unless defendant Loomis is substituted with a proper party.

3   As stated above, the Court denies plaintiff's motion to substitute defendant Loomis with Mr.

4   Woods. Thus, the Court denies plaintiff's motions to approve subpoenas (Dkts. 44, 45) and

5   plaintiff's motions to compel (Dkts. 48, 49) without prejudice to refiling after a proper motion

6   for substitution has been made by any party.

7
         4.   Motion for Clarification (Dkt. 51)

8        Plaintiff has filed a motion for clarification of Federal Rule of Civil Procedure 25. Dkt.

9   51. However, it appears that plaintiff's motion seeks to argue support of his motion to substitute

10  Mr. Woods for defendant Loomis. *See* Dkt. 43. Plaintiff states that the "DOC and the AG's

11  office represent Ms. Loomis. (2) As DOC is not an individual entity and AAG Carr is legal

12  counsel, Mr. Woods is part of DOC making Woods & DOC one and the same. (3) If DOC and

13  AAG Carr would not have been chosen to back Ms. Loomis up then that would be different, so,

14  DOC cannot wash their hands so easily." Dkt. 51 at 1. The Court grants plaintiff's motion for

15  clarification (Dkt. 51) to the extent that plaintiff seeks clarification of Federal Rule of Civil

16  Procedure 25 but denies plaintiff's motion to the extent he seeks to argue substitution of Mr.

17  Woods for defendant Loomis.

18       Rule 25(a)(1) provides for the dismissal of this action if a motion for substitution is not

19  made within ninety days after service of a statement noting plaintiff's death. Fed. R. Civ. P.

20  25(a)(1). Two things are required of a party for the running of the ninety-day period to

21  commence: a party must 1) formally suggest the death of the party on the record, and 2) serve the

22  suggestion of death on the other parties and nonparty successors or representatives. *Barlow v.*

23  *Ground,* 39 F.3d 231, 233 (9th Cir. 1994). In order for the ninety-day period for substitution to

24

1   be triggered, a party must formally suggest the death of the party upon the record, Fed. R. Civ. P.

2   25(a)(1), and must serve other parties and nonparty successors or representatives of the deceased

3   with a suggestion of death in the same manner as required for service of the motion to substitute,

4   Fed. R. Civ. P. 25(a)(3). Thus, a party may be served the suggestion of death by service on his or

5   her attorney, Fed. R. Civ. P. 25(b), while non-party successors or representatives of the deceased

6   party must be served the suggestion of death in the manner provided by Rule 4 for the service of

7   a summons. Fed. R. Civ. P. 25(a)(3); *Barlow v. Ground,* 39 F.3d at 232–234. Rule 25 requires

8   dismissal absent a motion for substitution within the ninety-day period only if the statement of

9   death was properly served. *Unicorn Tales, Inc., v. Bannerjee,* 138 F.3d 467, 469–471 (2d Cir.

10   1998).

11        Here, the ninety-day period has been triggered by the statement noting death of

12   defendant. Dkt. 38. Plaintiff was made aware of defendant's death because a copy of the

13   statement was electronically sent to plaintiff at his current address. *Id.*

14        The Court outlines the requirements of Federal Rule of Civil Procedure 25 above. If

15   plaintiff seeks further clarification, he may file a motion for clarification that more clearly

16   indicates what he wants the Court to clarify and the basis for such a motion.

17  

                            CONCLUSION

18  

19        The Court denies the following motions: (1) motion to substitute defendant Loomis with

    Edward Woods (Dkt. 43); (2) motion for subpoena approval (Dkt. 44); (3) motion for subpoena

20   approval (Dkt. 45); (4) motion to compel Steven Fellnor (Dkt. 48); (5) motion to compel WSP

21   (Dkt. 49); and (6) motion for leave to file an amended complaint (Dkt. 50). The Court grants

22   plaintiff's motion for clarification (Dkt. 51) to the extent that plaintiff seeks clarification of

23  

24  

1  Federal Rule of Civil Procedure 25 but denies plaintiff's motion to the extent he seeks to argue

2  substitution of Mr. Woods for defendant Loomis.

3      Dated this 23rd day of November, 2015.

                                    J. Richard Creatura
                                    United States Magistrate Judge