UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID TROUPE,

           Plaintiff,

v.

GLENDA J LOOMIS,

           Defendant.

CASE NO. 3:15-CV-05033-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: JANUARY 22, 2016

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

Before the Court is plaintiff's voluntary motion to withdraw suit without prejudice. Dkt. 63. Defendant does not oppose the motion. Dkt. 64. The Court recommends dismissing this action without prejudice and denial of all pending motions.

**BACKGROUND**

The Court granted plaintiff *in forma pauperis* status on January 16, 2015. Dkt. 4. Plaintiff filed his complaint on the same date (Dkt. 5) and the Court ordered service (Dkt. 6).

REPORT AND RECOMMENDATION - 1

Plaintiff's complaint alleges that defendant violated his First and Eighth Amendment rights when she retaliated against him for filing a Prison Rape Elimination Act ("PREA") complaint against her. Dkt. 5. On March 16, 2015, defendant filed an answer to plaintiff's complaint. Dkt. 9.

On October 7, 2015, counsel for defendant Loomis filed a "Statement Noting Death of Defendant," stating that defendant Glenda Loomis died on September 18, 2015. Dkt. 38. Counsel made no mention of defendant's successor or representative. *Id.*

## DISCUSSION

Plaintiff must seek leave of Court to dismiss this action because an answer has been filed (Dkt. 9). Pursuant to Federal Rule of Civil Procedure 41, after service of an answer or a motion for summary judgment, dismissal by plaintiff must be sought under Rule 41(a)(2), which provides, in part, that: "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A motion for voluntary dismissal pursuant to Rule 41(a)(2) should be granted unless a defendant can show that it will suffer some plain legal prejudice as a result of the dismissal. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir.2001); *Stevedoring Services of America v. Armilla Intern. B.V.*, 889 F.2d 919, 921 (9th Cir.1989) (stating that the purpose of Rule 41(a)(2) is "to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced ... or unfairly affected by dismissal.").

Rule 41 provides that orders that fail to specify whether dismissal is with or without prejudice are to be interpreted as dismissals without prejudice. Fed. R. Civ. P. 41(a)(2); *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002). However, the rule gives the Court a broad grant of discretion and it "does not contain a preference for one kind of dismissal or another." *Hargis*, 312 F.3d at 412; 9 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE

§ 2367 (3d ed. 2007) ("if the plaintiff either moves for dismissal without prejudice or fails to specify whether the request is for dismissal with or without prejudice, the matter is left to the discretion of the court. The trial court may grant a Rule 41(a) dismissal without prejudice or may require that the dismissal be with prejudice.").

Plaintiff's motion is unopposed. Dkts. 63, 64. Further, plaintiff indicates his preference for dismissal without prejudice. Dkt. 63. Therefore, the Court recommends that plaintiff's motion to dismiss this action (Dkt. 63) be granted and that this matter be dismissed without prejudice. The Court also recommends that all pending motions be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 22, 2016**, as noted in the caption.

Dated this 28th day of December, 2015.

J. Richard Creatura
United States Magistrate Judge